UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6177-GW-PVCx | Date | June 28, 2022 |
|---|---|---|---|
| Title | *Imprenta Services, Inc., et al. v. Nicholas Patrick Karll, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   **IN CHAMBERS - TENTATIVE ORDER DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND DAMAGES [99]**

Attached hereto is the Court's Tentative Order on Defendants' Motion [99], set for hearing on June 30, 2022 at 8:30 a.m.

:

Initials of Preparer   JG

***Imprenta Services, Inc. et al v. Nicholas Patrick Karll et al***; Case No. 2:20-cv-06177-GW-(PVCx)
Tentative Order on Motion for Fees and Damages

I. **Introduction**

Plaintiffs Imprenta Services, Inc. ("Imprenta") and Mike Sanchez ("Sanchez") (collectively, "Plaintiffs" or "Imprenta") filed this action seeking declaratory judgment for non-infringement of U.S. Patent No. 10,513,375 B2 ("the '375 Patent") for a "metal child resistant container;" a finding of inequitable conduct against Defendants; and to have Sanchez declared the sole or co-inventor of the '375 Patent. *See generally* Docket No. 1 ("Compl.") ¶¶ 20–22. Defendants Nicholas Patrick Karll ("Karll") and Eco Packaging Solutions, Inc. ("Eco Packaging") (collectively, "Defendants" or "Karll") filed their answer and counterclaims alleging that Plaintiffs infringe at least Claim 1 of the '375 Patent. *See generally* Docket No. 41 ("Answer") ¶¶ 225-58.

Recently the Court granted summary judgment to Defendants of correct inventorship, no inequitable conduct, and infringement by Plaintiffs; the Court also granted Defendants' motion for Rule 11 sanctions relating to Plaintiff's correction of inventorship and inequitable conduct claims. *See* Docket No. 95 ("MSJ Order"). In the MSJ Order, the Court left open the amount it would award for sanctions and ordered Defendants to file a motion addressing that question. That motion is now before the Court. *See* Docket Nos. 99 (Motion), 100 (Opposition).

The Court affirms its order granting Rule 11 sanctions and through this order sets the amount of sanctions at $122,271.43. The Court declines to rule on Defendants' request for infringement damages and enhanced damages based on Plaintiffs' litigation conduct. Although the Court's order setting a briefing schedule on the appropriate amount of Rule 11 sanctions referenced considering damages and enhanced damages, upon reviewing the briefing, the Court concludes that damages may not be decided in this summary fashion, as explained below. Likewise, the Court cannot address overall attorney's fees and enhanced damages at this stage because those questions are premature. At the hearing, the Court will discuss with the parties how to proceed in this matter.

II. **Legal Standard**

A. **Rule 11 Award**

Under Rule 11, if an attorney presents a pleading to the court, that attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading was not filed "for any improper purpose," is "warranted by

1

existing law or by a nonfrivolous argument" for extending the law, and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).[1] "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

If the Court determines sanctions are warranted, any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Such a sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* The imposition of sanctions is a matter within the court's discretion. Fed. R. Civ. P. 11(c).

### B. Damages

"Upon a finding of infringement, title 35 envisions the award of damages adequate to compensate the patentee for infringement, but in no event less than a reasonable royalty." *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1029 (Fed. Cir. 1996) (citing 35 U.S.C. § 284 (1994)). "The patent owner bears the burden of proving this amount." *Id.* "Beyond a reasonable or established royalty, a claimant must prove actual damages to establish entitlement to lost profits." *Id.* "The finding of the amount of damages for patent infringement is a question of fact." *BIC Leisure Products, Inc., v. Windsurfing International, Inc.*, 1 F.3d 1214, 1217 (Fed. Cir. 1993) (citations omitted); *see also SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991) ("[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence.").

### III. Discussion

#### A. Rule 11 Sanctions Amount

##### 1. Rule 11 Ruling

In the MSJ Order, the Court "grant[ed] the [Rule 11] motion in part, with the amount of sanctions to be determined upon further briefing, but not to exceed Defendants' costs and fees incurred for filing its inventorship and inequitable conduct motion for summary judgment and its

---

[1] Sanctions may not be imposed "against a represented party for violating Rule 11(b)(2)" regarding attorney argument for a non-frivolous extension of the law. Fed. R. Civ. P. 11(c)(5)(A).

motion for sanctions only (not the entire litigation)." MSJ Order at 19. The Court explained that "[d]epending on the reasonableness of the fees request and the totality of the circumstances, the Court will award monetary sanctions in an amount to be determined, up to but not greater than the fees and costs incurred for preparing these two motions." *Id.*

The Court granted this relief because it found "portions of the Complaint objectively baseless and lacking evidentiary support." *Id.* (citing, *e.g.*, Compl. ¶ 14, referencing an email communication where "[a] review of that email communication demonstrates that no objectively reasonable interpretation of the email supports th[e] averment" made in paragraph 14 about Sanchez's alleged inventorship); *see also id.* at 20 ("Equally troubling, the Complaint also omits any reference to Karll's December 2017 communications with Sanchez in which Karll conveyed his invention to Sanchez."); *id.* at 20-21 ("Sanchez's allegation in the Complaint that he was the sole inventor of the device claimed in the '375 Patent is objectively baseless, especially when considered in light of the Complaint's omission of any reference to the December 2017 Karll-Sanchez communications.").

Based on the entire record, "the Court conclude[d] that because both prongs are met, Rule 11 sanctions against Plaintiffs and their counsel are warranted for costs and fees incurred in connection with Defendants' inventorship and inequitable conduct motion for summary judgment and sanctions motion. Such sanctions are warranted under Rule 11(b)(3) because the challenged factual contentions summarized above 'have [no] evidentiary support,' and the ordered sanctions are limited 'to what suffices to deter repetition of the conduct.'" *Id.* at 21-22 (quoting Fed. R. Civ. P. 11(b)(3), (c)(4)).

2. Summary of Parties' Arguments

In their Motion supporting the sanctions amount, Defendants argue that they "incurred a minimum of $141,776.91 in fees and costs for preparing and filing their inventorship and inequitable conduct motion for summary judgment and their motion for sanctions." Mot. at 2. Defendants argue that "[w]ith the very ownership of the '375 Patent at stake," these expenses "are well within the realm of reasonableness." *Id.* Defendants "ask that the Court grant these expenses in full, as sanctions for Plaintiffs' bringing these claims that are objectively baseless and lacking evidentiary support." *Id.* at 3 (quotations omitted).

Plaintiffs respond that the "requested fees and costs are excessive" for preparing the summary judgment motion and sanctions motion. Opp. at 3. Plaintiffs also fault Defendants' fees

3

declarations because they do not "confirm[] that the attorney fees claimed incurred were actually incurred by Defendants, such that Defendants are responsible for paying the requested attorney fees, which should have been stated in their request." *Id.* at 4. Plaintiffs also argues that many email messages billed at .3, .4, or .5 of an hour should have taken no more than .1 of an hour. *Id.* Further, Plaintiffs contend that the entire deposition of Mr. Sanchez cannot be wrapped into the costs of preparing the motions, and "block billing" entries should be "disregarded or minimized." *Id.*

      3. Analysis

The Court has reviewed Defendants' supporting declarations and concludes that a sanctions award of $122,271.43 is reasonable given the circumstances of this case; and that amount is no greater than necessary to deter the relevant conduct. The Court declines to award the full amount sought by Defendants because some of the tasks included for preparing the motion for summary judgment and sanctions motion do not relate to those motions, so the Court adjusts the sanctions award accordingly.

Beginning with the appropriate amount of sanctions, the Court affirms that it will award no more than the fees incurred to prepare the motion for summary judgment and sanctions motion. Plaintiffs and their counsel raised baseless allegations in the Complaint that were unsupported by evidence; this conduct falls well-within the reach of Rule 11. Such sanctions are warranted to "defend against claims and allegations [that] should have never been filed," to "compensate Defendants for [certain] fees and expenses incurred, and "to deter such litigation misconduct in the future." *Sub Zero Franchising, Inc. v. Frank Nye Consulting, LLC*, No. 2:15-CV-00821-BSJ, 2018 WL 1999093, at *1 (D. Utah Apr. 27, 2018) (imposing sanctions against counsel for all attorney's fees and costs incurred, totaling $361,841.93); *see also Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust*, No. LA CV15–03859 JAK (JPRx), 2017 WL 3485760, *4-*10 (C.D. Cal. 2017) (awarding Rule 11 sanctions against patentee where infringement claim and state law claims were frivolous such that "the imposition of monetary sanctions in the amount of attorney's fees reasonably expended by Defendants on this litigation [*i.e.*, $73.396.50] is appropriate").

Although neither party cited, and the Court was unable to find, an analogous declaratory judgment action based on correction of inventorship and non-infringement involving Rule 11 sanctions, the Court observes that objectively unreasonable arguments about inventorship can lead to an exceptional case finding, which is analogous to the form of sanctions imposed here. That is,

4

the Court has tethered the sanction amount to the relevant reasonable fees incurred. *Cf. Pirri v. Cheek*, No. 19 Civ. 180 (PAE), 2020 WL 2520593, \*12 (S.D. N.Y. 2020), *aff'd*, Fed. Appx., 2021 WL 1081780 (Fed. Cir. 2021) (summary judgment granted on omitted inventorship claim in patentee's favor with § 285 fees awarded to patentee where plaintiff's arguments were "objectively unreasonable," "unmoored from law or facts," and "wasted" court's time).

Notably, despite having multiple opportunities to do so, counsel has failed to address the unsupported factual assertions in the Complaint or explain why key emails and attachments were omitted from those assertions such that Defendants had to raise them. Where a conclusory allegation that counsel conducted a prefiling investigation is inadequate to avoid Rule 11 sanctions, the *absence* of even a conclusory allegation or other meaningful response is likewise inadequate. *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014)) (declarant's conclusory statement that pre-filing investigation was performed not evidence to support a reasonable belief that plaintiff had a meritorious infringement claim).

Plaintiffs and their counsel also fail to address ability to pay. Although "ability to pay the sanctions, a relevant factor in determining a reasonable sum," *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 988 (Fed. Cir. 2000), the Court cannot evaluate this factor because the Opposition does not address it as to counsel or Plaintiffs.

As both parties know, "[a] patent suit can be an expensive proposition. [Thus,] [d]efending against baseless claims of infringement [or non-infringement] subjects the alleged infringer [or alleged non-infringer] to undue costs—precisely the scenario Rule 11 contemplates." *View Eng'g, Inc.*, 208 F.3d at 986 (affirming $97,825.48 sanction imposed under Rule 11, representing the expenses incurred in defending baseless claims). Where key allegations in the Complaint were objectively baseless and without evidentiary support, Plaintiffs subjected Defendants to such undue costs here. This is especially true where Plaintiffs continued to assert the same baseless arguments even after claim construction. *See, e.g.*, *Khan v. Hemosphere Inc.*, Fed. Appx., 2020 WL 4695490, \*6–\*7 (Fed. Cir. 2020) (affirming Rule 11 sanctions of nearly $100,000 for asserting frivolous venue arguments where "the Khans had repeatedly asserted throughout the litigation that venue was proper in the Northern District of Illinois").

Because a joint and several sanctions award is reasonable to address the sanctionable conduct in this case, and necessary to deter future conduct, the Court imposes the sanctions amount jointly and severally against Plaintiffs and their counsel. *See, e.g.*, *Segan LLC v. Zynga Inc*, 131

5

F. Supp. 3d 956, 964 (N.D. Cal. 2015) (holding law firm and client jointly and severally liable for a portion of the fee award because "the Court believes that a sanction of $100,000, coupled with the reprimand that a sanctions award represents, is sufficient to deter [counsel] from bringing frivolous patent infringement suits in the future," and that award "(accompanied by this opinion) puts similarly-situated attorneys on notice of the possibility that they could be held jointly and severally liable under Rule 11 for an entire section 285 fee award if they file such an objectively baseless patent infringement suit in the future").

Further, although the Court could have awarded an even greater sanction to reflect additional work necessitated by the baseless allegations in the Complaint (*e.g.*, filing a motion to dismiss, completing *Markman* proceedings), the Court elects to cap the amount of sanction here at the reasonable fees and costs incurred in preparing the motion for summary judgment and sanctions motion. *See Smart Options, LLC v. Jump Rope, Inc.*, No. 12 C 2498, 2013 WL 500861, *4-9 (N.D. Ill. 2013) (sanctioning patentee under Rule 11 for *all* attorney's fees incurred because patentee failed to conduct a reasonable pre-filing investigation, and after receiving draft Rule 11 motion and a cover letter describing why the accused product did not infringe, patentee continued to press infringement and offered no evidence of reasonable investigation).

Next, turning to the reasonableness of the specific amounts billed, which is the appropriate proxy for Rule 11 sanctions here, for the reasons explained below, the Court reduces the billed amounts as follows.

*First*, in the Declaration of Brandon J. Witkow, local counsel avers that he spent 29.3 hours total on the motion for summary judgment and sanctions motion. Docket No. 99-2 ¶ 5. At an hourly rate of $427.50, counsel billed a total of $13,331.20. *Id.* Additionally, counsel incurred $2,358.70 in costs, which includes paralegal fees ($225/hour), copying fees, and Federal Express charges for chambers copies. Thus, local counsel incurred total fees and costs of **$15,689.90**. *Id.*

In support of using this amount toward the total sanctions imposed, counsel provided billing records for the relevant timeframe, *i.e.*, from February 7, 2022, to May 13, 2022. *Id.* A complete review of those records demonstrates that the following entries should be excluded as being unrelated to the relevant motions:

| Date | Description | Duration | Amount |
|---|---|---|---|
| 3/1/22 | Email mediator re scheduling | .5 | $213.75 |

| Date | Description | Duration | Amount |
|---|---|---|---|
| 3/14/22 | Email to F. Douglas re mediation | .4 | $171.00 |
| 3/15/22 | Email to F. Douglas re mediation | .3 | $128.25 |
| 3/16/22 | Email to F. Douglas re mediation | .2[2] | $85.50 |
| 3/18/22 | Emails re mediation | .3 | $128.25 |
| 3/21/22 | Prepare stipulation re PMSC | 1.2 | $513.00 |
| 3/22/22 | Review order re continuing PMSC | .3 | $128.25 |
| 4/23/22 | Emails re mediation strategy | .3 | $128.25 |
| 4/27/22 | Emails re mediation | .1[3] | $42.75 |
| 4/28/22 | Review Imprenta Mediation Statement | .3[4] | $128.25 |
|  | Total to be deducted |  | **$1,667.25** |
|  | Witkow Total | $15,689.90 - $1,667.25 = | **$14,022.65** |

*Second*, in the Declaration of Michael C. Mackey, counsel avers that he and his firm incurred a total of $13,277.13 in fees and costs on the Rule 11 motion, and a total of $112,809.88 in fees and costs on the motion for summary judgment. Docket No. 99-3 ¶¶ 10-11. Counsel avers that he charged a discounted hourly rate of $427.50, and two other timekeepers billed time preparing these motions: attorney Dave Terrell ($395/hour) and paralegal Margaret Pruitt-Johns ($235/hour). *Id.* ¶¶ 6-7.

In support of adding this amount to the appropriate sanctions imposed, counsel provided billing records for the relevant timeframe, *i.e.*, from January 21, 2022, to May 13, 2022. *Id.* A complete review of those records demonstrates that the following entries should be excluded as unrelated to the relevant motions:

| Date | Description | Duration | Amount |
|---|---|---|---|

---

[2] This represents half of the actual entry of .4, which was blocked billed for emails relating to the mediation and other emails relating to the MSJ.

[3] This represents a portion of the actual entry of .7, which was block billed with several other tasks.

[4] This represents a portion of the actual entry of 2.60, which was block billed with several other tasks.

| 1/21/22 | Further attention to strategy and options re: damages considerations, expert deadlines and inquiries from opposing counsel re: same. (DT) | .75[5] | $296.25 |
|---|---|---|---|
| 1/20/22 1/25/22 | Veritext, LLC invoices for video services and fees | | $4,264.85 |
| | Total to be deducted | | **$4,561.10** |
| | Mackey et al Total | $112,809.88 - $4,561.10= | **$108,248.78** |

Based on these adjustments, the Court concludes that the reasonable amount of fees incurred in preparing the relevant motions is as follows:

| Witkow Total | $14,022.65 |
|---|---|
| Mackey et al. Total | $108,248.78 |
| **Total Sanctions Amount** | **$122,271.43** |

### B. Request for Damages and Enhanced Damages

The Court has considered Defendants' arguments concerning a reasonable royalty and actual damages, but the Court has concluded that it may not resolve these issues via motion practice. Whether Defendants have proven the amount of a reasonable royalty or actual damages is a question of fact that must be decided by a jury. *BIC Leisure Products, Inc.*, 1 F.3d at 1217. Relatedly, the Court cannot rule on Defendants' requests for enhanced damages for willful infringement until the Court can consider the baseline damages that have been found.

With that said, the Court recognizes that the costs of pursuing a damages trial where infringement has been found would far outweigh the damages at stake in this case. By Defendants' own estimate, Plaintiffs would owe a reasonable royalty of $0.17 per unit, equating with $53,810.10 in damages on past sales, or applying an actual damages model, Defendants again arrive at $53,810.10. *See* Mot. at 13, 16. Defendants also seek an injunction, which the Court may award in equity, but which the Court does not address at this time. *See* Mot. at 20-23.

Given these considerations, the Court **ORDERS** the parties to meet and confer on how to proceed with this case. The Court suggests that the parties use one of the available settlement

---

[5] This represents a portion of the actual entry of 1.50, which was block billed with motion-related tasks.

8

procedures to settle the questions of remedy, *i.e.*, (1) the appropriate damages amount, which may include an award reflecting any enhanced damages and/or attorney's fees that Defendants might otherwise plan to seek and substantiate, and (2) the appropriate scope of any injunction. If the parties cannot reach an agreement on the appropriate amount and Defendants elect to proceed to trial on damages, the Court must then wait to consider enhanced damages and attorney's fees until the end of the case. In that scenario, however, when the Court ultimately considers whether to treble damages and award attorney's fees under an exceptional case standard, the Court of course must take into account Plaintiffs' litigation conduct throughout the longer duration of this case. If the parties settle these matters, the Court need not decide them.

### IV.   Conclusion

For the reasons stated above, the Court **IMPOSES** Rule 11 sanctions against Plaintiffs' and their counsel jointly and severally in the amount of $122,271.43.

The Court **ORDERS** the parties to meet and confer concerning damages and select a mutually agreeable settlement procedure if needed to facilitate discussions. The Court **SETS** this matter for a Status Conference on July 28, 2022, at 8:30 a.m. The parties shall **FILE** a joint status report advising the Court of their progress no later than July 25, 2022, at noon. In lieu of filing a joint status report, if the parties have settled the remaining remedy issues by that date, the parties may instead file a notice of settlement.