UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRENTA SERVICES, INC., a Texas corporation; MIKE SANCHEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NICHOLAS PATRICK KARLL, an individual; ECO-PACKAGING SOLUTIONS, INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 20-6177-GW-PVCx<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. George H. Wu<br>United States District Judge |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

# FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Imprenta Services, Inc. ("Imprenta") and Mike Sanchez ("Sanchez"; collectively with Imprenta, "Plaintiffs") filed this action seeking declaratory judgment of non-infringement of U.S. Patent No. 10,513,375 ("the '375 Patent"), a finding of inequitable conduct against Defendants, and to have Sanchez declared the sole inventor or a co-inventor of the '375 Patent. *See generally* Dkt. No. 1. Defendants Nicholas Patrick Karll ("Karll") and Eco Packaging Solutions ("Eco Packaging"; collectively with Karll, "Defendants") filed their answer and counterclaims alleging, *inter alia*, that Plaintiffs infringe at least Claim 1 of the '375 Patent. *See generally* Dkt. No. 41 ("Answer").

The Court granted Defendants' motion for summary judgment as to Plaintiffs' claims for inequitable conduct and correction of inventorship, granted Defendants' motion for summary judgment as to Plaintiffs' willful infringement of the '375 Patent, and granted-in-part Defendants' motion for Rule 11 sanctions. *See generally* Dkt. No. 95. The Court imposed Rule 11 sanctions against Plaintiffs and their counsel jointly and severally in the amount of $103,722.13. *See* Dkt. No. 106, p. 12. The Court also granted Defendants' motion to dismiss without prejudice their state law counterclaims pursuant to 28 U.S.C. § 1367(c), and Defendants' motion for a permanent injunction. *See* Dkt. Nos. 146, 154 & 156. The Court further granted Defendants' motion for partial summary judgment of infringement damages in the amount of $53,810.10, and granted-in-part Defendants' motion for determination of the willfulness multiplier, applying a willfulness multiplier of 2.0 and thus increasing the lost profits award to $107,620.20. *See* Dkt. Nos. 154 & 156.

Under 35 U.S.C. § 284 and Supreme Court precedent, Defendants are entitled to prejudgment interest on the actual damages award of $53,810.10 from the date of first infringement, which was December 24, 2019, until the date judgment is entered. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983) ("prejudgment interest should be awarded under § 284 absent some justification for withholding such

an award."); *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *Devex*, 461 U.S. at 656) (other citation omitted) ("prejudgment interest should be awarded from the date of infringement to the date of judgment.").

In an exercise of its discretion, the Court finds that the California state statutory rate of 7% per annum is appropriate for this prejudgment interest; the Court concludes that using the much lower T-Bill rate, as advocated by Plaintiffs, would not even cover inflation let alone a conservative rate of return. *See, e.g.*, *Evolusion Concepts, Inc. v. HOC Events, Inc.*, No. 2:19-cv-02736-JLS-DFM, 2022 U.S. Dist. LEXIS 204666, at *31 (C.D. Cal. Oct. 28, 2022) (citing *EcoServices, LLC v. Certified Aviation Servs., LLC*, 340 F. Supp. 3d 1004, 1033 (C.D. Cal. Oct. 26, 2018) (rejecting accused infringer's request to apply T-Bill rate, and noting that "[m]any courts in the Ninth Circuit have calculated prejudgment interest based upon the California state statutory rate of seven percent"), *aff'd in part, vacated in part on other grounds, and remanded*, 830 F. App'x 634 (Fed. Cir. 2020)).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT JUDGMENT IS HEREBY ENTERED IN THIS MATTER AS FOLLOWS:**

1. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

2. Once this Final Judgment and Permanent Injunction is signed by the Court and served upon Plaintiffs, any failure by Plaintiffs to comply herewith shall constitute contempt of court.

3. Plaintiffs have received actual notice of the entire contents of this Final Judgment and Permanent Injunction and, upon entry of this Final Judgment and Permanent Injunction by the Court, Plaintiffs will be served via the Court's CM/ECF system, whether directly or through Plaintiffs' attorney. Defendants need not take any further action to serve this Final Judgment and Permanent Injunction on any of

Plaintiffs. This Final Judgment and Permanent Injunction is valid and enforceable against each of Plaintiffs immediately upon entry by the Court.

4. Plaintiffs Imprenta Services, Inc. and Mike Sanchez (aka Mike C. Sanchez, Michael C. Sanchez, Miguel Sanchez and Miguel C. Sanchez) have willfully infringed at least claim 1 of the '375 Patent by way of making, using, offering to sell and/or selling within the United States, and/or importing into the United States, each of the following products (referred to herein by Plaintiffs' Model Nos.): CRC301, CRC302, CRC303, CRC304, CRC305, CRC306, CRC307, CRC308, CRC310, CRC311, CRC312, CRC313, CRC314, CRC315, CRC316, CRC317, CRC318, CRC703, CRC704, CRC705, CRC706, CRC707 (collectively, the "Infringing Products").

5. Plaintiffs Imprenta Services, Inc. and Mike Sanchez (aka Mike C. Sanchez, Michael C. Sanchez, Miguel Sanchez and Miguel C. Sanchez), together with their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment and Permanent Injunction by personal service or otherwise, are and shall remain restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65, from making, using, offering to sell, and/or selling within the United States, and from importing into the United States, any of the Infringing Products, and from otherwise infringing or inducing others to infringe the '375 Patent.

6. Plaintiffs Imprenta Services, Inc. and Mike Sanchez (aka Mike C. Sanchez, Michael C. Sanchez, Miguel Sanchez and Miguel C. Sanchez), together with their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment and Permanent Injunction by personal service or otherwise, are and shall forever remain restrained and enjoined from knowingly causing, aiding, assisting or abetting any other person or entity to take any action prohibited by the foregoing paragraph 5.

7. The foregoing paragraphs 5-6 of this Final Judgment and Permanent Injunction shall expire upon expiration of the '375 Patent.

8. Plaintiffs shall take nothing by their Complaint. Judgment is entered against Plaintiffs on their claims and/or defenses for non-infringement of the '375 Patent, for a finding of inequitable conduct against Defendants, and to have Sanchez declared the sole inventor or a co-inventor of the '375 Patent.

9. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants shall recover from Plaintiffs and their counsel, Frederic M. Douglas, jointly and severally, $103,722.13 in sanctions.

10. Pursuant to 35 U.S.C. § 284, Defendants shall recover from Plaintiffs, jointly and severally, $107,620.20, as damages owing to Plaintiffs' willful patent infringement.

11. Pursuant to 35 U.S.C. § 284, Defendants shall also recover from Plaintiffs, jointly and severally, pre-judgment interest on the actual damages amount of $53,810.10, based on the California state statutory rate of 7% per annum and starting from December 24, 2019 until the date this Final Judgment and Permanent Injunction is entered, for a pre-judgment interest award of:

    a. $13,089.31, if entered on June 15, 2023.
    b. $13,120.70, if entered on June 18, 2023.
    c. $13,131.16, if entered on June 19, 2023.
    d. $13,141.62, if entered on June 20, 2023.
    e. $13,152.09, if entered on June 21, 2023.
    f. $13,162.55, if entered on June 22, 2023.

*See* L.R. 58-7.

12. Pursuant to 28 U.S.C. § 1961, Defendants shall also recover from Plaintiffs, jointly and severally, post-judgment interest on all amounts awarded in paragraphs 10-11 above, running from the date of this Final Judgment and Permanent Injunction until paid in full, at a rate equal to the weekly average one-year constant

maturity Treasury yield for the calendar week preceding the date of this Final Judgment and Permanent Injunction, compounded annually, as provided in 28 U.S.C. § 1961.

13. Pursuant to 28 U.S.C. § 1367(c), Defendants' state law counterclaims are dismissed without prejudice.

14. Defendants are the prevailing parties, and may file with the Clerk an Application to Tax Costs, along with a Bill of Costs, for an award of costs, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rules 54-1 and 54-2.

15. The Court shall retain jurisdiction to enforce this Final Judgment and Permanent Injunction.

16. All relief not expressly granted herein is hereby denied.

17. This is a FINAL JUDGMENT.

**IT IS SO ORDERED**.

Dated: June 22, 2023

                                          **HON. GEORGE H. WU**
                                          **UNITED STATES DISTRICT JUDGE**